UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America, | C/A No. 6:05-01141-GRA |
| v. | ORDER |
| Bobby Wilkinson, | (Written Opinion) |
| Petitioner. | |

This matter comes before the Court on petitioner's motion under 28 U.S.C. §2255 filed on April 18, 2005. Petitioner has failed to file his petition within the applicable one-year limitation period. Therefore, the motion to vacate, set aside, or correct his sentence is dismissed.

Petitioner brings this motion *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, 439 U.S. 970 (1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Cruz v. Beto*, 405 U.S. 319 (1972).

The petitioner pled guilty to Counts Two, Three, Four, Five and Six of the Indictment in the underlying criminal case. He was sentenced on January 20, 2004 to a term of one hundred sixty-two (162) months by the undersigned. No appeal was taken by the Petitioner and the Court informed the Petitioner at the date of sentencing

1

that Petitioner had ten (10) days within which to file a notice of appeal.

Petitioner then filed a petition on April 18, 2005 asking this Court to vacate his sentence pursuant to 28 U.S.C. §2255. The Anti-Terrorism and Effective Death Penalty Act (AEDPA) instituted a one-year statute of limitations for filing motions pursuant to 28 U.S.C. § 2255. The AEDPA's amendments to 28 U.S.C. § 2255 provide, in relevant part, that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255.

The period of limitations began to run on petitioner's § 2255 motion after his judgment of conviction became final. Petitioner failed to appeal his guilty plea within the ten days prescribed. At that point, for purposes of § 2255 the conviction became

2

final. The limitations period began running on January 20, 2004, which is the date of the judgment. The one-year period of limitations to file a motion pursuant to § 2255 expired on January 20, 2005. The current motion was postmarked April 13, 2005 and was filed on April 18, 2005. The motion was not timely and is dismissed.

IT IS THEREFORE ORDERED that Petitioner's motion pursuant to 28 U.S.C. §2255 be DISMISSED.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

August 25, 2005.

### NOTICE OF RIGHT TO APPEAL

Petitioner has the right to appeal this Order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.